# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

RALPH W. BOYD                                                                                       PLAINTIFF

V.                                                             NO. 1:13CV00030-SA-JMV

DEPARTMENT OF MEDICAID
JACKSON, MS                                                                            DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the court *sua sponte* for consideration of dismissal.

By Order [5] dated March 4, 2013, this court granted Plaintiff Ralph Boyd's motion for leave to proceed in this action *in forma pauperis*. However, the court also determined that the *pro se* complaint was extremely deficient. Specifically, the court found that though the subject of the complaint was Boyd's dissatisfaction with certain medical treatment, the exact nature of the dispute was unclear, there was no statement of what injury Plaintiff had suffered, and the role that the named defendant had played was not clear. Additionally, the court determined that the complaint stated no adequate basis for this court's jurisdiction over the matter. Accordingly, Plaintiff was required to file an amended complaint within fourteen days.

When Plaintiff failed to timely file an amended complaint, by Order [6] dated April 29, this court ordered Plaintiff to show cause why this case should not be dismissed for failure to obey an order of the court. On May 7, however, Plaintiff responded by letter, indicating that he had been preoccupied due to travel for medical appointments. The court construed Plaintiff's letter as a request for additional time to file an amended complaint, and by Order [8] dated May 10, granted Plaintiff additional time until May 24, 2013, to file the amendment. Plaintiff was warned that his failure to comply with that Order might lead to dismissal of his case for failure to obey a court order.

On May 22 Plaintiff filed an "Amended Complaint" [10]. However, none of the

deficiencies pointed out by the court in its March 4 Order were cured. Instead, the Amended Complaint was largely incomprehensible and neither stated the basis for the court's jurisdiction, nor clearly articulated why Plaintiff feels he is entitled to relief. Nevertheless, the court, considering Plaintiff's *pro se* status, granted him an additional fourteen days within which to file an amended complaint in order to state a cognizable claim over which this court has jurisdiction (Order dated July 9, 2013 [11]). Plaintiff was further instructed regarding elements essential to his complaint and warned that failure to file a proper amended complaint would subject his case to dismissal without prejudice.

It has now been more than fourteen days since entry of the Court's July 9 Order, and Boyd has yet to comply or move for additional time to do so. Therefore, it is recommended that this case be dismissed without prejudice.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 29th day of August, 2013.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE